FILED

2026 Jan-30  PM 04:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| **BRIAN HUDSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 7:23-cv-1715-ACA** |
| | ) | |
| **FULLER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Brian Hudson was attacked by fellow inmates while incarcerated at the Bibb County Correctional Facility. Prison officials there refused Mr. Hudson access to the medical unit or an outside hospital on the day of the attack. The next day Mr. Hudson was transferred to Limestone Correctional Facility. Prison officials there conducted a physical evaluation and assessed the need to transfer Mr. Hudson to an outside hospital. Mr. Hudson was transported to an emergency room later that day.

Wexford Health Sources[1] held the contract to provide health care services to inmates in Alabama state prisons at the time of the attack. Mr. Hudson filed this action against Wexford and other individual defendants, but the only claims

---

[1] Wexford Health Sources is incorrectly identified as Wexler Health Services in the style of the complaint, though not the body of the complaint. (Doc. 51 at 1; doc. 1 at 1, 4 ¶ 17).

remaining are those against Wexford. (*See* docs. 28, 37). Those claims are: (1) Eighth Amendment deliberate indifference to a serious medical need ("Count Two"); (2) state law vicarious liability ("Count Three"); and (3) state law intentional infliction of emotional distress ("Count Four"). (Doc. 1 ¶¶ 64–73). Because Mr. Hudson has provided no evidence of an unconstitutional policy or custom nor conduct for which Wexford can be vicariously liable, the court **WILL GRANT** summary judgment in favor of Wexford and against Mr. Hudson.

## I.    BACKGROUND

When ruling on a motion for summary judgment, the court "view[s] the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolve[s] all reasonable doubts about the facts in favor of the non-movant." *Washington v. Howard*, 25 F.4th 891, 897 (11th Cir. 2022) (quotation marks omitted). As the responding party, Mr. Hudson was required to indicate whether Wexford's factual assertions were disputed. (Doc. 4 at 17 ("All material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment.")). His counseled response did not identify disputed facts. (*See* doc. 53 at 1–4). And where Mr. Hudson referenced facts in his argument, he failed to support his assertions with cites to the record. (*See id.* at 2–3); *see* Fed. R. Civ. P. 56(c)(1) (requiring that a party support any factual assertion

with evidence). Accordingly, the court deems Wexford's statement of facts admitted by Mr. Hudson, and the court reviews Wexford's record citations to determine if it is entitled to summary judgment. (Doc. 4 at 17); *see Reese v. Herbert*, 527 F.3d 1253, 1268–69 (11th Cir. 2008).

Multiple inmates attacked Mr. Hudson while he was an inmate at Bibb County Correctional Facility. (Doc. 51-2 at 9, 16). The inmates beat Mr. Hudson and bit him on the neck and back. (Doc. 51-3 at 4). Unlike previous injuries resulting from an altercation (*id.* at 14), Mr. Hudson did not receive medical treatment that day (*id.* at 4).

Mr. Hudson learned the next morning that he was being transferred to a new facility and was escorted to the health care unit for a pre-transfer body chart. (Doc. 51-2 at 19–20, 22). An individual identified as Nurse Cook performed the body chart. (*Id.* at 23; *see* doc. 51-3 at 4). She noted scratches and bruises on Mr. Hudson's face, back, and neck and documented a swollen eye and a laceration on his lip. (Doc. 51-2 at 84).

Later that morning, Mr. Hudson was transferred to Limestone Correctional Facility. (Doc. 51-2 at 21). The intake officers at Limestone conducted another examination on his arrival and noted the same injuries as Nurse Cook. (*Id.* at 85–91). The intake officers also identified multiple human bite marks and noted that Mr. Hudson was missing a front tooth. (*Id.* at 86). After their examination, the intake

officers transferred Mr. Hudson to an outside hospital for an assessment of ear bleeding behind the tympanic membrane and facial fractures. (*Id.* at 88).

## II.    DISCUSSION

Mr. Hudson's claims against Wexford are based on Nurse Cook's response to Mr. Hudson's visible injuries and complaints of pain during the pre-transfer body chart appointment. (Doc. 1 ¶¶ 64.A.v., 64.B.v, 64.C.v., 64.D.vi., 66–73). Wexford seeks summary judgment on all claims against it. (Doc. 49).

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To defeat a motion for summary judgment, "[t]he nonmoving party must offer more than a mere scintilla of evidence for [his] position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on [his] behalf." *Calderon v. Sixt Rent a Car, LLC*, 114 F.4th 1190, 1199 (11th Cir. 2024).

### 1.    Count Two: Eighth Amendment Deliberate Indifference to a Serious Medical Need

Mr. Hudson asserts that Wexford is liable under 42 U.S.C. § 1983 for Nurse Cook's disregard of Mr. Hudson's obvious need for medical treatment. (Doc. 1 ¶¶ 64.A.v., 64.B.v., 64.C.v., 64.D.vi.). But a contractor that provides health care services to inmates on behalf of the State cannot be held liable under a *respondeat superior* theory of liability. *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997).

Instead, a prison health care contractor is the "functional equivalent of a municipality" for purposes of § 1983 liability and can be held liable only for constitutional violations caused by the contractor's policy or custom. *Id*. Accordingly, Wexford can be held liable only if it has a policy or custom of deliberate indifference to the serious medical needs of inmates. *Craig v. Floyd Cnty.*, 643 F.3d 1306, 1310 (11th Cir. 2011).

Mr. Hudson has not created a genuine dispute of fact about whether Wexford has a policy or custom that caused a constitutional violation. (*See* doc. 53 at 2). Normally, a pattern of constitutional violations is necessary to impose liability on a municipality—proof of a single incident is insufficient. *Craig*, 643 F.3d at 1310. Mr. Hudson cannot identify any other incidents of inmates suffering similar deprivations. (Doc. 51-2 at 32). And he admits that every other time he was injured, Wexford employees either provided him with care or took him to the emergency room or medical unit. (*Id.* at 14, 27). The undisputed evidence is that Mr. Hudson's deprivation was an "isolated incident." *Craig*, 643 F.3d at 1310–11 (holding that a single incident in which prison officials failed to refer an injured inmate to a physician did not amount to a policy or custom). Accordingly, the court **WILL GRANT** Wexford's motion for summary judgment on Count Two.

### 2. Counts Three and Four: Vicarious Liability and Intentional Infliction of Emotional Distress

Mr. Hudson brings state law claims against Wexford for vicarious liability based on Nurse Cook's allegedly tortious conduct. (Doc. 1 ¶¶ 66–73); *see Potts v. BE & K Const. Co.*, 604 So. 2d 398, 400 (Ala. 1992) (outlining the elements for employer vicarious liability). To recover against Wexford, Mr. Hudson must establish that Nurse Cook was Wexford's agent or employee. *See Ware v. Timmons*, 954 So. 2d 545, 549–50 (Ala. 2006) (defining agency).

The undisputed evidence establishes that Nurse Cook was not a Wexford employee. (Doc. 51-3 at 4). And Mr. Hudson does not present any evidence to establish that she was its agent. Accordingly, the court **WILL GRANT** Wexford's motion for summary judgment on Count Four. And because vicarious liability must be premised on the tortious actions of an agent, *see Hixon v. Premier Med. Grp., Inc.*, --- So. 3d ---, 2025 WL 3560822, at *7 (Ala. Dec. 12, 2025), the court **WILL GRANT** summary judgment on Count Three.

### III.    CONCLUSION

For the reasons stated above, the court **WILL GRANT** Wexford's motion for summary judgment (doc. 49) and **WILL ENTER JUDGMENT** in favor of Wexford and against Mr. Hudson.

The court will enter a separate order and judgment consistent with this opinion.

**DONE** and **ORDERED** this January 30, 2026.

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE